Oakley J.
The first question arising on the demurrer in this case is, as to the sufficiency of the defendant’s second plea. The action is debt on judgment; and the plea sets up a discharge under the 9th section of the general insolvent act. [1 R. L. 464.]
In the case of Delavan v. Stanton,* decided at the present term, it was held, that a plea of a discharge under this act, must aver every fact, necessary to give jurisdiction to the officer granting it; and that the want of such averment could not be supplied by the recitals contained in the discharge itself, though that be set forth at length in the plea. By the act in question, it is provided, that any creditor of any person, who shall have been imprisoned for . sixty days, upon execution in any civil action, may apply for relief, &c. The fact of the imprisonment of the debtor, on execution, is essential, to authorize the officer to take cognizance of the case; and such fact must, therefore, be averred. In the present plea, the averment is, that the debtor had been imprisoned, for sixty days and upwards, on a civil action. For any thing here alleged, the imprisonment may have been on mesne process, and in that case the law did not authorize the creditor to make the application, on which the discharge was granted. Without noting the other objections to the plea, this is fatal to it.
The question, however, most important to the parties arises on the replication to this plea. To defeat the operation of the discharge, the plaintiff says, that after it was obtained, the defendant “ assented to, ratified, renewed, and confirmed the said “judgment and demand of the plaintiff.”
In Shippey v. Henderson, (14 J. R. 178,) the action was assumpsit for goods sold, &c. And to a plea of the defendant’s discharge, there was a replication, in the same words with the present. The Supreme Court held, that the action was properly brought on the original promise; that the new promise was sufficiently laid : and that the replication was no departure from the declaration. The court say, that the discharge does not make the original contract void, but suspends every remedy upon it; and that the new promise merely removes the bar interposed by the pica.
*238 This case would seem to be decisive, unless there is some distinction, growing out of the fact, that the present action is founded on a judgment. I cannot perceive any good reason for making any distinction. The judgment is not affected by the discharge, any further, than to release the defendant from any personal liability on it, and to prevent its attaching as a lién, on subsequently acquired lands. It remains operative as to any existing lien, and may be enforced against any property of the defendant, bound by it, at the time of the discharge. The discharge, therefore, only bars, or suspends any personal remedy on the judgment against the defendant; and I see no reason why a promise to pay the judgment, after the discharge, (and the replication substantially avers such a promise,) may not be relied on, as removing that bar, upon the authority of Shippey v. Henderson. The judgment, as evidence of a personal contract between ,the parties, is certainly as capable of being set up and renewed by a new promise as any ordinary assumpsit.
This view of the case accords with the doctrine of the Supreme Court of Massachusetts, (8 Mass. R. 127,) where the very question now before us has been decided,- and upon a state of pleadings substantially like the present.

Judgment for the plaintiff.

[Wm. H. Bulkley, Atty. for the plff. Wm. P. Hawes, Atty. for the deft.]

 Ante p. 190.